UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CV-160-R

JIMMY PARRIGIN                                                   PLAINTIFF

v.

PFAFF INDUSTRIAL OF AMERICA, INC.                      DEFENDANT

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion to Remand (Docket #5). Defendant has filed a response (Docket #9). This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion to Remand is **GRANTED**.

## BACKGROUND

On April 27, 2006, Plaintiff filed the present action in Cumberland Circuit Court alleging wrongful termination and assault. In his prayer for relief, Plaintiff requested judgment in the amount of $2625 for owed vacation pay, $1000 for un-reimbursed expenses, for nineteen days of holiday pay in an amount to be determined, and for all other proper relief; all in an amount above $4000, but less than $75,000.

Based on the allegations contained in the Complaint, Defendant timely removed the action to this Court based on diversity grounds. Plaintiff filed a Motion to Remand, arguing that his Complaint states an amount in controversy of less than $75,0000. Plaintiff stated that he was prepared to agree, in writing, that this amount would not be exceeded in his claim or by any amended complaint or in any prayer for damages before the Court or Jury.

By Order dated July 25, 2006, this Court remanded the case to Cumberland Circuit Court.

In relevant part, the Court stated the following as grounds for its ruling:

> The Defendant is correct that this matter is removable despite the fact that Plaintiff limited his claimed damages in his complaint. Likewise, the offer to stipulate does not deprive the court of jurisdiction. The question for the Court is whether the Defendant can prove that it is more likely than not that the plaintiff's claims meet the amount in controversy requirement.
>
> Defendant offers nothing other than speculation as to what Plaintiff's damages might be. It offers no interrogatory answers, no medical records or any other evidence suggesting that Plaintiff's claim might be in excess of $75,000.

Following remand, Defendant served Plaintiff with discovery requests, to which Plaintiff responded on September 15, 2006. Defendant deposed Plaintiff on September 20, 2006.

Defendant then removed the action to this Court on October 13, 2006, on the ground that Plaintiff's discovery responses and deposition testimony establish that it is more likely than not that the amount in controversy exceeds the jurisdictional minimum to establish federal diversity jurisdiction. On October 18, 2006, Plaintiff filed a motion to remand this case to Cumberland Circuit Court.

## DISCUSSION

Plaintiff objects to the removal of this action to this Court on the ground that removal is inappropriate as this case was previously removed and then remanded and because the amount in controversy is less than $75,000.

Pursuant to 28 U.S.C. § 1446(a), a defendant desiring to remove a civil action from a state court may file a notice of removal in the district court of the United States for the district and division within which such action is pending. The notice of removal shall be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief or within thirty days after the service of summons upon the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days . . . after receipt by the defendant of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.*

Nothing in 28 U.S.C. § 1446 forecloses multiple petitions for removal. *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999); *O'Bryan v. Chandler*, 496 F.2d 403, 408-09 (10th Cir. 1974). In *Benson v. SI Handling Systems, Inc.*, the Seventh Circuit reasoned that "[a] premature removal may lead to a perfectly justified remand; but when matters change - - for example . . . by a disclosure that the stakes exceed the jurisdictional amount - - the case may be removed, provided only that it is less than one year old." *Benson*, 188 F.3d at 782-83. Thus, the fact that Defendant has previously petitioned to remove the case to this Court does not now require this Court to remand the case to Cumberland Circuit Court.

In its Order of July 25, 2006, this Court remanded the case to Cumberland Circuit Court on the basis that the Defendant had failed to prove that it was more likely than not that Plaintiff's claims met the amount in controversy requirement. The question now before this Court is whether the Plaintiff's responses to the deposition questions and answers to interrogatories establish that the amount in controversy is greater than $75,000.[1]  *See id.*; 28 U.S.C. § 1332.

Plaintiff's Complaint pleads that the amount in controversy is less than $75,000; however,

---

[1] The Sixth Circuit has recognized that a plaintiff's responses to deposition questions can constitute an "other paper" for purposes of 28 U.S.C. § 1446(b). *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002). Courts have also recognized that a plaintiff's answers to interrogatories constitute an "other paper". *See Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D. Mich. 1997) (citing *Miller v. Stauffer Chemical Co.*, 527 F. Supp. 775, 778 (D. Kan. 1981)).

the fact that Plaintiff limited his claimed damages in the Complaint does not foreclose removal in this matter.  In *Rogers v. Wal-Mart Stores, Inc.*, the plaintiff filed a complaint in Tennessee state court specifying that she sought to recover an amount not exceeding $75,000.  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 870 (6th Cir. 2000).  The defendant removed the case to federal court and plaintiff filed a motion to remand which was denied by the district court.  *Id.* at 870-71.  On appeal, the Sixth Circuit stated that "[g]enerally, because the plaintiff is 'master of the claim,' a claim specifically less than the federal requirement should preclude removal."  *Id.* at 871.  However, the court recognized that if the state has a procedural rule comparable to FED. R. CIV. P. 54(c), which enables a plaintiff to seek and obtain damages exceeding the amount claimed in the complaint, removal may not be appropriate and in such a case the burden lies on the removing defendant to show that it is more likely than not that the plaintiff's claims meet the amount in controversy requirement.  *Id*.  The court held that Tennessee's Civil Procedure Rule 54.03, like its federal counterpart, allows a party to all relief to which he is entitled even if the party has not demanded such relief in the party's pleadings.  *Id.*  The court held that this rule, combined with defendant's showing that damages more likely than not would exceed $75,000, precluded remand of the case to state court.  *Id*. at 873.

     Kentucky's Rule of Civil Procedure 54.03 is almost identical to that of Tennessee.  It states in pertinent part: "Except as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."  Ky. R. Civ. P. 54.03.  Thus if the Defendant can show that Plaintiff's damages would more likely than not exceed $75,000, remand of this case to Cumberland Circuit Court would be precluded.

**I.      Amount in controversy relating to Plaintiff's claim for unpaid vacation and holiday pay**

In his answers to Defendant's interrogatories, Plaintiff indicates that he has suffered damages in the amount of $5825 for nineteen days of holiday pay and three weeks of vacation pay.

**II.     Amount in controversy relating to Plaintiff's claim of age discrimination**

In his complaint, Plaintiff alleges improper dismissal, wrongful termination, and age discrimination. Plaintiff does not plead or request damages in any specific or liquidated amount for these claims but pleads for all proper relief.

The Kentucky Civil Rights Act allows recovery of actual damages, including damages for back pay, front pay, lost benefits, humiliation and embarrassment, and attorney's fees. KRS 344.450; *McNeal v. Armour & Co.*, 660 S.W.2d 957, 958 (Ky. Ct. App. 1983).

Plaintiff's annual salary on the last date of his employment was $44,519.90, amounting to $856.15 per week. Plaintiff's deposition testimony establishes that he was unemployed for approximately twenty-two weeks. Plaintiff's claim for lost wages for twenty-two weeks of unemployment places approximately $18,835.30 in controversy.

According to his deposition testimony, Plaintiff now earns $9.60 per hour in his employment with Creative Draperies. Assuming a work week of forty hours, Plaintiff earns $384 per week.[2] This is a difference in wages of $472.15 per week. Plaintiff's claim for lost wages in the fifty-four weeks prior to removal would place an additional $25,496.10 in controversy.

Plaintiff also testified at his deposition that he must pay $105 per week for health insurance with his current employer, $84 more a week than he paid while working with Defendant. Plaintiff's

---

[2] At his deposition Plaintiff testified that he typically works forty hours a week although some weeks he works less depending on the employer's workload.

Case 1:06-cv-00160-TBR Document 10 Filed 12/19/06 Page 6 of 8 PageID #: 204

claim for health insurance premium payments places an additional $4356 in controversy.

Defendant asserts that this Court should consider the amount of time that this case will take to go to trial and the alleged back pay and health insurance premium damages that will accrue during this time in calculating the amount in controversy, citing *Bush v. GE Transportation*.[3] In *Bush v. GE Transportation*, the Northern District of Ohio denied plaintiff's motion to remand on the ground that the amount in controversy exceeded the jurisdictional minimum by considering, among other factors, the average amount of time it takes a case to go to trial in the Northern District of Ohio and the back pay that would accrue during that time. *Bush v. GE Transp.*, 2006 U.S. Dist. LEXIS 12821, *2 (N.D. Ohio March 22, 2006). However, the Northern District cited no authority for this proposition. Relying on the Sixth Circuit's assertion that "the determination of federal jurisdiction in a diversity case is made as of the time of removal," *Rogers*, 230 F.3d at 871, this Court will not take into account any alleged back pay and health insurance premium damages that will accrue during the estimated time it will take for this case to go to trial in calculating the amount in controversy.

As of May 5, 2005, Plaintiff's counsel had claimed entitlement to $5,000 in attorney fees. At his deposition Plaintiff testified that he intended to seek an award of at least these attorney fees and any other attorney fees to which he is entitled under the law. KRS 344.450 provides for an

---

[3]Defendant asserts that Plaintiff's alleged damages for back pay and health insurance premiums along with the aforementioned amounts in controversy will exceed $75,000 by early March 2007. Defendant provides no evidence indicating the average amount of time it takes a case to proceed to trial in this district, nor any evidence as to the amount of time it will take this particular case to proceed to trial. Although this Court finds that it should consider the amount in controversy only as of the time of removal, it also finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy as of the time of trial will exceed $75,000 as there is no evidence as to the amount of time during which damages will accrue.

6

award of reasonable attorney fees. When a state statute mandates the award of attorney fees, the attorney fees should be considered to determine whether the amount in controversy is sufficient to establish jurisdiction. *Ringler v. Chemlawn Servs. Corp.*, 1994 U.S. Dist. LEXIS 3302 at *3 (E.D. Mich. Jan. 14, 1994) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975)). Thus attorney's fees place an additional $5000 in controversy.[4]

### III.     Amount in controversy relating to Plaintiff's claim of assault

Plaintiff seeks damages for assault "resulting in severe and permanent physical and mental injury." Defendant asserts that punitive damages arising from this claim must be included in determining the jurisdictional amount in controversy.

"When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Defendant has provided this Court with several cases in which punitive damages were awarded in claims of assault. Although Defendant provides the Court with the range of these verdicts, he does not provide any indication as to where on this range the punitive damages in the case on hand would fall. Defendant has failed

---

[4] Defendant argues that an additional $5000 in attorney's fees should be added to the amount in controversy, representing the fees from the time of this motion until the close of the case. Although anticipated reasonable attorney fees should be included in determining the amount in controversy, such attorney fees must be proved by a preponderance of the evidence. *Ringler v. Chemlawn Servs. Corp.*, 1994 U.S. Dist. LEXIS 3302, *3-4 (E.D. Mich. Jan. 14, 1994) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933); *Clark v. Nat'l Travelers Life Insur. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975)). Defendant's only showing of Plaintiff's anticipated attorney's fees is the time that it will take *Defendant's* attorney to complete her discovery and prepare for trial in the matter. This Court finds that this evidence, without more, is insufficient to show by a preponderance of the evidence a sum representing Plaintiff's anticipated attorney's fees.

to show by a preponderance of the evidence a sum representing Plaintiff's anticipated punitive damages on his claim of assault.

This Court finds that Defendant has shown by a preponderance of the evidence a total amount of $59,512.40 in controversy and thus has not shown that it is more likely than not that Plaintiff's damages will exceed $75,000.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Remand is **GRANTED**.

An appropriate order shall issue.